**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**NORMAN DOUGLAS DIAMOND**,

       Plaintiff,

       v.

**UNITED STATES OF AMERICA,** *et al.*,

       Defendants.

Case No. 1:23-cv-00326 (TNM)

---

**<u>MEMORANDUM OPINION</u>**

No stranger to federal court, *pro se* Plaintiff Norman Diamond sues the United States and unknown civil servants (together, "the Government"), alleging various violations of federal law related to his income taxes. The Government moves to dismiss on several grounds, including that venue is improper and that this Court lacks subject matter jurisdiction.

The Court will grant the motion and dismiss this case. Venue for Diamond's tax refund and wrongful collections claims lies exclusively in the Court of Federal Claims. And Diamond has pointed to no waiver of sovereign immunity that allows the Court to hear his other claims against the United States.

**I.**

Plaintiff Norman Diamond, a U.S. citizen and current resident of Canada, has repeatedly sued the United States for claims related to his income taxes. This saga began in 2012 when he and his wife, Zaida Golena Del Rosaria, sued for a refund of their 2005 income taxes.[1] *See Diamond v. United States (Diamond I)*, 107 Fed. Cl. 702, 703 (2012), *aff'd*, 530 F. App'x 943

---

[1] This background does not include Diamond's litigation history against the IRS before the U.S. Tax Court. Between 2010 and 2020, Diamond appears to have brought at least ten suits there. *See* Notice of Related Cases, ECF No. 2.

(Fed. Cir. 2013).  The couple resided in Japan in 2005, and "paid income taxes through the withholding on income generated by investments in the United States."  *Id.*  Diamond and Del Rosario asserted that the IRS improperly credited their 2005 withholdings and that they were owed a refund of $10,645.  *See id.*

The couple then filed a joint federal tax return containing several errors and omissions. *See id.*  For example, they did not include their social security numbers (SSNs) or taxpayer identification numbers on the return; they crossed out the attestation above the signature line regarding the truth and accuracy of the statements in the return; and they claimed zero dollars in wages and gross income from sources in a foreign country.  *See id.*  They then claimed a refund of $10,645—the total amount of tax withheld during that year.  *See id.*

After the IRS rejected the return as frivolous, Diamond and Del Rosario filed an amended 2005 return.  *See id.*  This return was also faulty.  It did not contain Del Rosario's SSN or tax identification number; it again claimed zero dollars in foreign income; and it failed to provide the required supporting documentation.  *See id.*  After Diamond and Del Rosario failed to respond to the IRS's request for more information, the IRS informed them in 2011 that their refund request was denied because they had failed to submit a return within three years of its due date.  *See id.*

Diamond and Del Rosario then sued in the Court of Federal Claims.  *Diamond I*, 107 Fed. Cl. at 702.  The court found that they failed to submit a valid refund claim and that it thus lacked subject matter jurisdiction over the case.  *See id.* at 707.  The Federal Circuit affirmed. *See* 530 F. App'x at 944.

In 2013, Diamond and Del Rosario filed another refund suit, this time for their 2006–2011 tax withholdings and for an abatement of penalties assessed against them for filing frivolous tax returns.  *See Diamond v. United States (Diamond II)*, 115 Fed. Cl. 516, 522 (2014),

*aff'd*, 603 F. App'x 947 (Fed. Cir. 2015).  The Government moved to dismiss.  First, it argued that the court lacked subject matter jurisdiction because Diamond and Del Rosario had not paid the 2008 tax liability for which they sought a refund.  *See id.* at 525–26.  Second, it argued that they failed to state a claim for the remaining tax years because they had received a refund in the form of tax credits that were legally applied to their other outstanding tax liabilities.  *See id.* at 527–28.  The court agreed and granted the Government's motion.  The Federal Circuit again affirmed.  *See* 603 F. App'x at 952.

Diamond sued again in 2013, this time bringing a smorgasbord of claims against the IRS and unnamed government employees.  *See Diamond v. IRS (Diamond III)*, No. 13-cv-8042, 2014 WL 7883613, at *3 (C.D. Cal. Nov. 14, 2014), *R. & R. adopted*, 2015 WL 64805 (C.D. Cal. June 4, 2015), *aff'd sub nom. Diamond v. United States*, 688 F. App'x 429 (9th Cir. 2017).  Diamond alleged (1) fraudulent filing of information returns; (2) unauthorized disclosure of his SSN; (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (4) imposition of frivolous filing penalties in violation of the Constitution; and (5) perjury by IRS employees in the Tax Court.  *See id.* at *4.  Specifically, Diamond accused IRS personnel of altering tax records.  *See id*.  The IRS moved to dismiss to the complaint, which the district court granted.  *See* 2015 WL 354046, at *1.  The Ninth Circuit affirmed.  *See* 688 F. App'x at 430.

The next year Diamond was back at it, reprising his claims that the IRS and various government agents altered his tax records and publicly revealed his SSN.  *See Diamond v. IRS (Diamond IV)*, No. 14-cv-9196, 2015 WL 3532901, at *2 (C.D. Cal. Apr. 16, 2015), *R. & R. adopted*, 2015 WL 3545046 (C.D. Cal. June 4, 2015), *aff'd sub nom.*, *Diamond v. United States*, 688 F. App'x 445 (9th Cir. 2017)  The district court again dismissed the complaint, *see* 2015 WL 3545046, at *1, and the Ninth Circuit again affirmed, *see* 688 F. App'x at 446.

Diamond returned to federal court in 2017.  He sued the United States for (1) refunds for various years that he overpaid his taxes, (2) return of amounts the IRS wrongfully collected or withheld, and (3) the wrongful disclosure of his SSN.  *See Diamond v. United States (Diamond V)*, No. 17-cv-6327, 2018 WL 922128, at *1 (C.D. Cal. Feb. 15, 2018), *aff'd*, 765 F. App'x 377 (9th Cir. 2019).  The court dismissed Diamond's claims for improper venue and claim preclusion.  *Id.* at *2.  For the third time, the Ninth Circuit affirmed.  *See* 765 F. App'x at 378.

That brings us to this case.  Diamond again brings a bevy of claims against the United States related to his income taxes.  He claims:

- $3 million in damages for the IRS's alleged fraudulent conversion of his 2005 tax withholdings.  *See* Compl. ¶¶ 41–42.

- $1 million in damages for the IRS's alleged failure to follow I.R.C. § 6201(d) in connection with determining his 2005 tax withholdings.  *See id.* ¶¶ 49, 51.

- $3 million in damages for the IRS's alleged violation of I.R.C. § 31 and I.R.C. § 6401 by not properly crediting his 2005 tax withholdings.  *See id.* ¶¶ 54, 61.

- $3 million in damages for the IRS's alleged failure to notify him that his 2005 refund claim was denied.  *See id.* ¶¶ 63, 68.

- $4 million in damages for the IRS's alleged submission of fraudulent transcripts and making inconsistent factual statements in Tax Court proceedings related to his 2007 tax return.  *See id.* ¶¶ 71–74, 77, 81.

- $1 million in damages for the IRS's alleged submission of a fraudulent or modified declaration to the Tax Court.  *See id.* ¶ 84.

- $8 million in damages for the IRS's alleged submission of fraudulent supporting records to the Tax Court.  *See id.* ¶¶ 96, 99.

- $2 million in damages for the IRS's alleged "fraudulent assertions of joint and several liability." *See id.* ¶¶ 110, 120.
- A refund of penalties that were "fraudulently" collected for 2002, 2005–2008, and an unknown year in the total amount of $3,659. *See id.* ¶ 154.
- A refund of the 2005 tax overpayment of $10,645. *See id.* ¶ 198.

Diamond also asks for injunctive relief requiring the IRS to issue a notice of mathematical error, file his 2005 tax return, revise its list of frivolous positions, and provide tax assessments, addresses, and his amended return for 2007. *See* Compl. ¶¶ 155–200.

The United States has moved to dismiss for improper venue and lack of subject matter jurisdiction. *See* Mot. to Dismiss (MTD), ECF No. 10. The motion is now ripe.

## II.

To survive a Rule 12(b)(1) motion, a plaintiff must establish this Court's jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged*." Am. Nat'l Ins. Co. v. FDIC*, 942 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up). If the Court determines that it lacks jurisdiction as to any claim, it must dismiss that claim. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Rule 12(b)(3) allows dismissal for improper venue. And under 28 U.S.C. § 1406(a), the Court must "dismiss, or if it be in the interest of justice, transfer," a case filed "in the wrong division or district." When evaluating a Rule 12(b)(3) motion, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."

*Sanchez-Mercedes v. BOP*, 453 F. Supp. 3d 404, 414 (D.D.C. 2020) (cleaned up), *aff'd*, 2021 WL 2525679 (D.C. Cir. June 2, 2021).  The plaintiff bears the burden of showing that venue is proper.  *See id.*

The Court is mindful that Diamond proceeds without counsel.  Complaints filed by *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  More, the Court must consider a *pro se* complaint "in light of all filings, including filings responsive to a motion to dismiss*." Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  But even *pro se* litigants must meet the minimum pleading standards required by the Federal Rules and the Constitution.  *See Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018).

### III.

### A.

Consider first Diamond's tax refund and wrongful collection claims.  *See* 26 U.S.C. § 7422 (actions for refund); *id.* § 7433 (actions for unauthorized collection activity).  The Government argues that venue is improper in this district and that the claims should be dismissed.  The Court agrees.

Federal district courts and the U.S. Court of Federal Claims have concurrent jurisdiction over claims against the United States for the recovery of taxes "alleged to have been erroneously or illegally assessed or collected."  28 U.S.C. § 1346.  For such claims brought in district court, venue is proper in the judicial district where the plaintiff resides.  *See* 28 U.S.C. § 1402(a)(1).  Taken together, this means that a plaintiff living outside the United States may only bring a tax collection claim in the Court of Federal Claims.  *See Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. 2014).

Diamond resides in Canada, and thus the proper venue for his wrongful collection and tax refund claims is the Court of Federal Claims. *See id.*; Compl. ¶ 4. Diamond disagrees. He says that he is treated as a resident of this district under 26 U.S.C. § 7701(a)(39), which provides that citizens residing abroad "shall be treated as residing in the District of Columbia" for certain purposes. The problem for Diamond is that this special definition modifies only some "provision[s] of this title"—*i.e.*, Title 26. And the venue provision applicable to these claims, 28 U.S.C. § 1404(a), is found in Title 28. So Diamond is not a resident of this district, nor any other, for purposes of the venue statute.

Thus, venue for Diamond's tax refund and wrongful collection claims lies exclusively in the Court of Federal Claims. *See Topsnik*, 554 F. App'x at 631. The Court typically would need to decide whether is it "in the interest of justice" to transfer these claims to the proper venue, or whether dismissal is justified instead. *See* 28 U.S.C. § 1406(a). But the Court of Federal Claims is not a "district or division" to which a district court may transfer a case under 28 U.S.C. § 1404(a). *See Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007). So the Court has no statutory authority to transfer these claims. Dismissal is thus required. *See Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (explaining that the court "must dismiss because there is no appropriate transferee court").

Diamond has one final arrow in his quiver. He says that another transfer provision, 28 U.S.C. § 1631, requires this Court to transfer his tort actions to the Court of Federal Claims. That frog will not hop. Section 1631 permits district courts to transfer civil actions "[w]henever a civil action is filed in a court . . . and that court finds that there is a *want of jurisdiction*." (emphasis added). And this Court has not determined that it lacks jurisdiction over Diamond's

tax refund and wrongful collection claims.[2]  Instead, the Court has found that venue for these claims is improper here.  That does not trigger § 1631.  *Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011) ("We hold that § 1631, which speaks exclusively of jurisdiction, does not mandate transfer where venue is lacking.").

In any event, even if this Court did have authority to transfer these claims, it would decline to do so.  It is not in the interest of justice to send this suit elsewhere.  The claims have "obvious substantive problems."  *Ananiev v. Wells Fargo Bank*, *Nat'l Assoc.*, 968 F. Supp. 2d 123, 132 (D.D.C. 2013) (cleaned up).  And Diamond has a long history of vexatious litigation against the United States.  *See Diamond V*, 2018 WL 922128 at *1 ("Plaintiff has filed numerous cases with similar if not identical allegations against the United States.").  "So troublesome is this plaintiff that transfer of this action would not be in the interest of justice."  *Chandler v. BOP*, No. 17-cv-11, 2017 WL 2787598, at *3 (D.D.C. June 27, 2017).

### B.

Consider next Diamond's tort claims.  The United States may not be sued for damages unless it has waived its sovereign immunity.  *See United States v. Orleans*, 425 U.S. 807, 814 (1976).  And the Federal Tort Claims Act (FTCA) waives the Government's sovereign immunity for common law tort claims brought in federal court.  *See Millbrook v. United States*, 569 U.S. 50, 52 (2013).  But this waiver is limited by enumerated exceptions.  Key here, the FTCA expressly divests district courts of jurisdiction over tort claims "arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).

---

[2]  Though the Government asserts defects in both subject matter jurisdiction and venue, this Court "has leeway to choose among threshold grounds for denying audience to a case on the merits."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).  And because the Court agrees that these claims must be dismissed for improper venue, it need not reach the Government's arguments about subject matter jurisdiction.

The question, then, is whether Diamond's tort claims against the Government relate to the IRS's assessment of taxes and penalties. If so, the Court lacks subject matter jurisdiction and must dismiss these claims under § 2680(c).

Courts have "consistently" interpreted this exception "to exclude most tort actions involving IRS agents from the FTCA's waiver of sovereign immunity." *Reiff v. United States*, 107 F. Supp. 3d 83, 87 (D.D.C. 2015). The language of § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties." *Childress v. Northrop Corp.*, 618 F. Supp. 44, 49 (D.D.C. 1985) (cleaned up). And, as here, this exception "applies with particular force" in cases in which "the IRS is attempting to collect a specific debt from a specific taxpayer." *Reiff*, 107 F. Supp. 3d at 87.

With these principles in mind, the Court finds that Diamond's tort claims fall within the tax exception to the FTCA. The gist of Diamond's Complaint is that various IRS agents modified records and violated their statutory duties, resulting in the improper calculation and assessment of taxes and penalties. *See* Compl. ¶ 11 ("Damages are claimed for fraudulent actions . . . pertaining to illegal conversions of legal collected taxes, collections of penalties, and fraudulent submissions to US courts."). This falls within the heartland of the FTCA's tax exception.

Diamond's allegations of fraud do not undermine the fact that each of the alleged fraudulent actions occurred during, or resulted from, the IRS's assessment of taxes and penalties. These allegations thus do not allow him to skirt the United States' sovereign immunity from tax-related suits. Section 2680(c) "reflect[s] the government's strong interest in protecting the administration of its tax system from the burden of constant litigation." *Capozzoli v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981). This interest would be entirely frustrated if courts permitted

plaintiffs to bring tax-related claims against the United States whenever those claims are characterized as sounding in fraud.

Diamond points to two other statutes that he claims grant this Court jurisdiction over his claims. *See* Opp'n at 3. For both, his reliance is misplaced.

*First*, he notes that the Administrative Procedure Act (APA), 5 U.S.C. § 702, waives sovereign immunity for certain agency actions. True enough. But this door is closed to a plaintiff when another statute provides an "adequate" alternative remedy for his claim. *See Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 620–21 (D.C. Cir. 2017). If relief of the "same genre" is available, review under the APA is precluded. *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990).

The Court has little difficultly concluding that a tax refund suit is an adequate alternative remedy for Diamond's claims here. As Diamond is well aware, the refund statute, 26 U.S.C. § 7422(a), "provides a cause of action for the recovery of taxes alleged to have been illegally or improperly collected and, in doing so, displaces a cause of action under the APA." *Harrison v. IRS*, No. 20-cv-828, 2021 WL 930266, at *4 (D.D.C. March 11, 2021). Indeed, Diamond has brought claims against the Government under § 7422(a) in at least five separate lawsuits, including this one. He has provided no explanation why a tax refund suit would not be an adequate remedy for his damages claims. So the APA does not rescue his tort claims.

*Second*, Diamond says that this Court has jurisdiction under the Mandamus Act. *See* Opp'n at 3. The Act confers original jurisdiction in district courts over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy

and thus an "option of last resort." *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 582 (D.C. Cir. 2020).

Mandamus relief is unavailable to Diamond for the same reason that he cannot rely on the APA. The Court may not assert mandamus jurisdiction when the plaintiff has an adequate alternative remedy. *See Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023). And § 7422(a) allows Diamond to seek damages in a tax refund suit. *See Harrison*, 2021 WL 930266, at *4. More, a writ of mandamus is "reserved only for the most transparent violations of a clear duty to act," *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000), and Diamond has not specified the duty that he is owed.

Diamond's tort claims arise from the IRS's assessment of taxes and penalties and are thus excepted from the FTCA's waiver of sovereign immunity. And because the refund statute provides Diamond with an adequate remedy for his damages claims, neither the APA nor Mandamus Act allow this Court to hear these claims. So this Court must dismiss Diamond's tort claims for want of subject matter jurisdiction.[3]

## C.

Last up are Diamond's requests for injunctive relief. He asks for an order requiring the IRS to issue a notice of mathematical error, file his 2005 tax return, revise its list of frivolous

---

[3] The Government also argues that these claims should be dismissed because Diamond did not plead that he submitted an administrative claim for damages before suing. *See* MTD at 12. Not so. Diamond attached documents to his opposition that show he submitted an incident notification and claim for damages to the IRS, which the agency denied a few months before he filed this suit. *See* Admin. Claim at 1–23, ECF No. 14-1; IRS Denial at 24, ECF No. 14-1. This is sufficient. The Court also rejects the Government's suggestion that consideration of these exhibits requires the Court to convert its motion to one for summary judgment. *See* Reply at 9 n.1, ECF No. 16. Because Diamond is *pro se*, facts and exhibits in his responses to the Government's motion to dismiss are treated as pleaded facts. *See Brown*, 789 F.3d at 152.

positions, and provide tax assessments, addresses, and his amended tax return for 2007.  *See* Compl. ¶¶ 155–200.  Diamond faces the same problem as before:  He has not pointed to any waiver of sovereign immunity that would allow him to pursue injunctive relief against the United States.  This is so because the Anti-Injunction Act, which is part of the Tax Code, specifically bars a plaintiff from suing "for the purpose of restraining the assessment or collection of any tax."  26 U.S.C. § 7421(a).

This provision reflects "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference," and it works by "requir[ing] that the legal right to the disputed sums be determined in a suit for refund."  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (cleaned up).  Thus, a suit for injunctive relief brought under the APA is dead on arrival if it "concerns the assessment or collection of federal taxes."  *McGuirl v. United States*, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), *aff'd*, 167 F. App'x 808 (D.C. Cir. 2005).  And because "relief in the nature of mandamus is no different than a request for a mandatory injunction," a suit brought under the Mandamus Act is similarly precluded if its purpose is to prevent the IRS from assessing or collecting taxes.  *Ross v. United States*, 460 F. Supp. 2d 139, 150 (D.D.C. 2006) (cleaned up).  So Diamond has not offered a statutory basis for this Court to exercise subject matter jurisdiction over his claims for injunctive relief.

**IV.**

For these reasons, the Court will grant the Government's motion to dismiss.  A separate

Order will issue today.[4]


Dated: September 15, 2023                    _____
                                            TREVOR N. McFADDEN, U.S.D.J.

---

[4]  The Court will deny Diamond's motion for leave to file a second sur-reply.  *See* Pl.'s Mot. for Leave to File Surreply, ECF No. 20.  The "decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court."  *Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014).  The Government has raised no arguments for the first time in its reply.  More, the Court has already permitted Diamond to file one sur-reply already.  *See* Min. Order (June 28, 2023); Pl.'s Surreply, ECF No. 18.  And even if the Court were to grant leave, none of Diamond's supplemental submissions would change the Court's analysis.  The Court will thus deny as moot Diamond's motion to correct his proposed sur-reply.  *See* Mot. to Correct, ECF No. 24.