UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NORMAN DOUGLAS DIAMOND**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA, et al.**,<br><br>Defendants. | Case No. 1:23-cv-00326 (TNM) |

**MEMORANDUM ORDER**

Plaintiff Norman Diamond has sued the United States repeatedly in various federal courts for claims related to his income taxes. On this stop of his tour, Diamond sued in this district seeking millions of dollars in damages and injunctive relief against the United States. The Court dismissed Diamond's suit on improper venue and sovereign immunity grounds. Despite the dismissal of all claims, the Government filed this Motion for Reconsideration to correct its position (which the Court adopted) that venue for some of Diamond's claims was only proper in the Court of Federal Claims. The Government now urges the Court to dismiss Diamond's wrongful collection claims on the alternative ground, argued below, that the Court lacks subject matter jurisdiction. The Court concludes that reconsideration is warranted on this narrow issue.

I.

In its Motion to Dismiss, the Government argued that this Court was the wrong venue for Diamond's wrongful collection claims because Diamond did not reside in this district. Defs.' Mot. to Dismiss (MTD) at 7, ECF No. 10. But the Government explained that venue for non-resident defendants like Diamond would be proper in the Court of Federal Claims, which has

concurrent jurisdiction over civil actions against the United States for the recovery of "erroneously or illegally assessed or collected" taxes. *See* 28 U.S.C. § 1346(a)(1); *Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. 2014). The Court agreed. It therefore dismissed Diamond's tax refund and wrongful collection claims for improper venue, while further noting that venue would be proper in the Court of Federal Claims. Mem. Op. at 6–7.

This conclusion was clearly erroneous and warrants reconsideration. *See Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (noting that courts will grant reconsideration "to correct clear error"). As the Government now explains, Diamond could not bring his § 7433 wrongful collection claims in the Court of Federal Claims because such claims must be brought "in a district court of the United States," 26 U.S.C. § 7433(a), and the Court of Federal Claims is not a "district court," *Wall v. United States*, 141 Fed. Cl. 585, 596 (2019). Thus, contrary to the Court's conclusion in its Memorandum Opinion, Diamond may not bring his § 7433 wrongful collection claims in the Court of Federal Claims.

In its Motion for Reconsideration, the Government suggests that venue might be proper in this district under the general venue statute, 28 U.S.C. § 1391. Defs.' Mot. for Recon. (MFR) at 14 n.4, ECF No. 28. But § 1402(a)(1) indicates that civil actions for wrongful collection, when brought by natural persons in district courts, "may be prosecuted *only* . . . in the judicial district where the plaintiff resides." *Id*. § 1402(a)(1) (emphasis added). Indeed, courts in this district and others have strongly suggested that venue under § 1402(a)(1) is restrictive and thus precludes venue under § 1391. *See Wallace v. United States*, 557 F. Supp. 2d 100, 103 (D.D.C. 2008) ("Courts in this district have consistently held that D.C. is an improper venue for non-resident plaintiffs bringing suit on tax related matters against the government."); *see also Vanskiver v. Rossotti*, No. 00-cv-2455, 2001 WL 361470, at *2 (D.D.C. Jan. 31, 2001) ("In a tax

2

refund suit against the United States, plaintiffs must file suit in the district in which they reside."); *Krapf v. United States*, 604 F. Supp. 1164, 1165 (D. Del. 1985) (concluding that, for plaintiffs living in the Bahamas, "the venue provisions of 28 U.S.C. § 1402(a)(1) preclude litigation of Plaintiffs' claim in any district court."). Since Diamond does not reside in this district—or in any federal judicial district—venue is not proper under § 1402(a)(1). *See* Compl., ECF No. 1, at ¶¶ 3–4 (indicating the Diamond resided in either Japan or Canada during relevant periods).

That said, the Court need not determine whether venue could be proper in this district under 28 U.S.C. § 1391 because Diamond's wrongful collection claims cannot survive for another reason.

## II.

Even if venue were proper in this district, Diamond's wrongful collection claims must be dismissed for lack of subject matter jurisdiction because they fall outside Congress's limited waiver of sovereign immunity.

Section 7433 of the Internal Revenue Code waives sovereign immunity "if the IRS or its agents have intentionally, recklessly, or negligently disregarded any provision of the Code 'in connection with any collection of Federal tax.'" *Buaiz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007). Courts have construed this provision narrowly, however, holding "that § 7433 does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the *collection* of income tax." *Id*.; *see also Jaeger v. United States*, 524 F. Supp. 2d 60, 64 (D.D.C. 2007) ("[S]ection 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the

3

collection of income tax."); *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995) ("[I]mproper determination [of tax] is not actionable as a matter of law under § 7433."); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) ("[A] taxpayer cannot seek damages under § 7433 for an improper assessment of taxes.").

The Government argues that the Court lacks subject matter jurisdiction because Diamond's claims do not constitute wrongful collection activity under § 7433. MFR at 3–5. The Court agrees. Indeed, while Diamond's Complaint is prolix and difficult to follow, it states, "The IRS *legally* collected tax overpayments . . . . Diamond does not allege damage from collection of withholdings." Compl. ¶ 128 (emphasis added). His claims to the contrary now do not persuade.

First, Diamond asserts that he is entitled to relief under § 7433 because the IRS filed tax liens against him, claimed that it intended to levy such liens, conducted Collection Due Process Hearings, and issued several Notices of Determination. Pl.'s Resp. to MFR at 1–4, ECF No. 30. While activities such as "the filing of a notice of lien [are] patently . . . tax collection activitie[s]," *Glass v. United States*, 480 F. Supp. 2d 162, 165 (D.D.C. 2007), Diamond pleads no facts suggesting that IRS's collection actions involved any reckless, intentional, or negligent disregard of the Internal Revenue Code. And to the extent that Diamond alleges any wrongdoing regarding the tax assessments underlying the IRS's collection actions, his claims are not actionable under § 7433. *See Pollinger v. United States*, 539 F. Supp. 2d 242, 251 (D.D.C. 2008) (dismissing quiet title action challenging "the merits and validity of the tax assessment underlying [a] Notice of Federal Tax Lien" for lack of subject matter jurisdiction).

Next, Diamond contends that the IRS engaged in collection activity by applying his tax refund from one year to his underlying tax liability. Pl.'s Resp. to MFR at 3. Again, while

offsetting might be a collection activity, Diamond does not allege that the offset involved reckless, intentional, or negligent disregard of any provision of the Internal Revenue Code.

Last, Diamond levies several allegations of fraud, including that the United States submitted fraudulent documents to federal courts. *See* Compl. ¶¶ 88–96. Even favorably construed, these allegations fall outside the scope of § 7433's waiver of sovereign immunity because they do not involve violations of the IRS's *collection* regulations. *See Buaiz*, 471 F. Supp. 2d at 136.

Diamond's wrongful collection claims all fall outside the scope of § 7433's limited waiver of sovereign immunity. The Court therefore dismisses them for lack of subject matter jurisdiction.

### III.

For these reasons, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration is GRANTED; and it is further

**ORDERED** that this case is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED**.

Dated: November 1, 2023                              TREVOR N. McFADDEN, U.S.D.J.